**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JACK JOSEPH IMPERATRICE,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No.: 1:11-cv-01609 - JLT

ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED

Jack Joseph Imperatrice ("Plaintiff") commenced this action against the Commissioner of Social Security ("Defendant") on September 22, 2011. (Doc. 1). The Court issued its Scheduling Order on December 14, 2011, setting forth the applicable deadlines to the action. (Doc. 6). Defendant filed Notice of Lodging Social Security Administrative Transcript on May 9, 2012. (Doc. 11).

Pursuant to the Scheduling Order, Plaintiff was to serve Defendant with a letter brief within 30 days after service of the administrative record, or by June 8, 2012. (Doc. 6 at 2). Within 35 days of receipt of the letter brief, or by July 13, 2012, Defendant was to serve a response. *Id.* If the parties did not agree to a remand, Plaintiff was to file and serve an opening brief within 30 days. *Id.* Accordingly, Plaintiff's opening brief was due no later than August 14, 2012.

In the Scheduling Order, the parties were notified that "the Court will allow a single thirty (30) day extension of any part of [the] scheduling order by stipulation of the parties." (Doc. 6 at 4). Also, the parties were informed that, with the exception of the single stipulation, any requests to modify the

Scheduling Order must be made by written motion and would only be granted for good cause. *Id.* Further, the parties were warned violations of the order may result in sanctions pursuant to Local Rule 110. *Id.*

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause within 14 days of the date of service of this Order why the action should not be dismissed for failure to prosecute or to follow the Court's Order, or in the alternative, to file his opening brief.

IT IS SO ORDERED.

Dated: **August 30, 2012**

**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE