UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK JOSEPH IMPERATRICE,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No.: 1:11-cv-01609 - JLT<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT<br><br>ORDER DIRECTING THE CLERK TO CLOSE THIS MATTER |

Jack Joseph Imperatrice ("Plaintiff") initiated this action by filing a complaint against the Commissioner of Social Security ("Defendant") on September 22, 2011. (Doc. 1). For the following reasons, Plaintiff's complaint is **DISMISSED**.

**I.     Procedural History**

The Court issued its Scheduling Order on December 14, 2011, setting forth the applicable deadlines to the action. (Doc. 6). Defendant filed Notice of Lodging Social Security Administrative Transcript on May 9, 2012. (Doc. 11).

Pursuant to the Scheduling Order, Plaintiff was to serve Defendant with a letter brief within 30 days after service of the administrative record, or by June 8, 2012. (Doc. 6 at 2). Within 35 days of receipt of the letter brief, or by July 13, 2012, Defendant was to serve a response. *Id.* If the parties did not agree to a remand, Plaintiff was to file and serve an opening brief within 30 days. *Id.* Therefore, Plaintiff's opening brief was due no later than August 14, 2012.

In the Scheduling Order, the parties were notified that "the Court will allow a single thirty (30) day extension of any part of [the] scheduling order by stipulation of the parties." (Doc. 6 at 4). Also, the parties were informed that, with the exception of the single stipulation, any requests to modify the Scheduling Order must be made by written motion and would only be granted for good cause. *Id.* Further, the parties were warned violations of the order may result in sanctions pursuant to Local Rule 110. *Id.*

On August 31, 2012, the Court issued an Order to Show Cause why the matter should not be dismissed for Plaintiff's failure to prosecute or, in the alternative, for Plaintiff to file his opening brief. (Doc. 12). However, Plaintiff failed to comply with or otherwise respond to the Court's order.

## II.     Legal Standard

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

## III.    Discussion and Analysis

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the

defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. Notably, in the order to show cause, the Court warned plaintiff the action may be dismissed for his "failure to prosecute an action or failure to obey a court order." (Doc. 12 at 2). Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's orders, and this satisfies the requirement that the Court consider less drastic measures than dismissal of the action. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.

### IV.     Conclusion and Order

As set forth above, the factors set forth by the Ninth Circuit weigh in favor of dismissal of Plaintiff's complaint. Accordingly, **IT IS HEREBY ORDERED**:

1. This action is **DISMISSED WITH PREJUDICE**; and
2. The Clerk of Court **IS DIRECTED** to close this action because this order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **September 19, 2012**                **/s/ Jennifer L. Thurston**
                                                                 UNITED STATES MAGISTRATE JUDGE